UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GENCO IMPORTING INC. d/b/a MANITOBA'S
and RICHARD MANITOBA,

                              Plaintiffs,

- against -

CITY OF NEW YORK, et al.,

                              Defendants.

**ANSWER**

07 Civ 3560 (LAK)

(ECF Case)

------------------------------------------------------------------x

      Defendants the City of New York and Emily Lloyd, in her capacity as Commissioner of the New York City Department of Environmental Protection and as Chairman of the New York City Environmental Control Board, (hereinafter sometimes collectively "the City"), as and for their answer to the amended complaint, allege upon information and belief, as follows:

      1.     Neither admit nor deny the allegations set forth in paragraph "1" of the amended complaint as they constitute legal argument to which no response is required.

      2.     Neither admit nor deny the allegations set forth in paragraph "2" of the amended complaint as they constitute legal argument to which no response is required.

      3.     Deny the allegations set forth in the first sentence of paragraph "3" of the amended complaint, except admit that this case involves Administrative Code of the City of New York ("Administrative Code") § 24-231 insofar as plaintiffs' claim that Administrative Code § 24-231 violates the First Amendment was not dismissed by this Court in the Memorandum Opinion dated March 31, 2008 ("Memorandum Opinion") and aver that all other claims set forth in the amended complaint were dismissed by the Memorandum Opinion and deny knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of said paragraph.

    4.    Deny the allegations set forth in paragraph "4" of the amended complaint.

    5.    Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that DEP issued notice of violation no. 00178468X, dated October 23, 2006, to plaintiff Genco Importing Inc. d/b/a Manitoba's ("Genco") for a violation of section 24-241.1(a) of the Administrative Code and that DEP issued notice of violation no. 00181816X, dated February 2, 2007, to Genco for a violation of section 24-218 of the Administrative Code, as a result of live musical performances.

    6.    Admit the allegations set forth in the first sentence of paragraph "6" of the amended complaint and deny the allegations set forth in the second sentence of said paragraph.

    7.    Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that plaintiffs purport to proceed as alleged therein.

    8.    Deny the allegations set forth in paragraph "8" of the amended complaint.

    9.    Deny the allegations set forth in paragraph "9" of the complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

    10.    Deny the allegations set forth in paragraph "10" of the amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that plaintiffs purport to proceed as alleged therein.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that the Court has jurisdiction over the subject matter of plaintiffs' claims.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that venue is proper.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint, except admit that the Commissioner of the Department of Environmental Protection of the City of New York is appointed by the Mayor of the City of New York.

18. Admit the allegations set forth in paragraph "18" of the amended complaint.

19. Admit the allegations set forth in paragraph "19" of the amended complaint.

20. Admit the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint, except admit that plaintiffs purport to proceed as alleged therein and that defendants acted under color of state law.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint, except admit that on October 23, 2006 a DEP inspector investigated a noise complaint made by a complainant resident of the second floor of the building located at 99 Avenue B in Manhattan and thereafter issued a notice of violation to Genco.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint and aver that notice of violation no. 00179468X was issued to Genco as a result of the inspection on October 23, 2006 and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

31. Deny the allegations set forth in paragraph "31" of the amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of a notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

32. Deny the allegations set forth in paragraph "32" of the amended complaint, and aver that prior Administrative Code § 24-241.1 provided, among other things, that "the level of sound of [certain defined] music, as measured inside any residential unit" shall not be in "excess of either (a) 45 dB(A) measured with a sound level meter; or (b) 45 dB(A) in any one-third octave band having a frequency between 63 hertz and 500 (ANSI bands numbers 18 through 27, inclusive), in accordance with the American National Standards standard S1.6-1984" and also aver that current Administrative Code § 24-231 provides, among other things, for the measurement of certain specified sound levels "as measured inside any receiving property dwelling unit...."

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint and aver that notice of violation no. 000181816X was issued to Genco for a violation of prior Administrative Code § 24-218 as a result of an inspection on February 12, 2007 and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

36. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint and aver that notice of violation no. 000181816X was issued to Genco for a violation of prior Administrative Code § 24-218 as a result of an inspection on February 12, 2007 and further aver that the possible penalty set forth in this paragraph is only the possible penalty if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing, and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, and aver that the notice of violation under prior Administrative Code § 24-218 was issued because the owner caused and permitted unreasonable noise to be made and continued from a three piece amplified rock band, i.e., a lead guitar, bass guitar and drummer and that noise level readings were taken in the complainant's hallway to support the issuance of the notice of violation and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

38. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

41. Deny the allegations set forth in paragraph "41" of the amended complaint and aver that the hearings were adjourned on consent of the parties pending the adjudication of defendants' motion to dismiss the amended complaint and that the hearings are currently scheduled for May 6, 2008 and may be adjourned again.

42. In response to the allegations set forth in paragraph "42" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41", inclusive, of this answer, as if fully set forth herein.

43. Admit the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing and further refer the Court to prior Administrative Code § 24-257(b)(8) and (10) for a true and complete statement of their content and effect.

45. Admit the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in the first sentence of paragraph "46" of the amended complaint and aver that prior Administrative Code § 24-241.1 provides, among other

things, that "the level of sound of [certain defined] music, as measured inside any residential unit" shall not be in "excess of either (a) 45 dB(A) measured with a sound level meter; or (b) 45 dB(A) in any one-third octave band having a frequency between 63 hertz and 500 (ANSI bands numbers 18 through 27, inclusive), in accordance with the American National Standards standard S1.6-1984" and also aver that current Administrative Code § 24-231 provides, among other things, for the measurement of certain specified sound levels "as measured inside any receiving property dwelling unit..." and deny the allegations set forth in the second sentence of said paragraph.

47. Deny the allegations set forth in paragraph "47" of the amended complaint and aver that the claim set forth in "Count One" of the amended complaint was dismissed by the Memorandum Opinion.

48. Deny the allegations set forth in paragraph "48" of the amended complaint and aver that the claim set forth in "Count One" of the amended complaint was dismissed by the Memorandum Opinion.

49. In response to the allegations set forth in paragraph "49" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48", inclusive, of this answer, as if fully set forth herein.

50. Neither admit nor deny the allegations set forth in paragraph "50" of the amended complaint as they constitute legal argument to which no response is required.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. In response to the allegations set forth in paragraph "55" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54", inclusive, of this answer, as if fully set forth herein.

56. Admit the allegations set forth in paragraph "56" of the amended complaint.

57. Admit the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint and aver that the claim set forth in "Count Three" of the amended complaint was dismissed by the Memorandum Opinion.

59. Deny the allegations set forth in paragraph "59" of the amended complaint and aver that the claim set forth in "Count Three" of the amended complaint was dismissed by the Memorandum Opinion.

60. In response to the allegations set forth in paragraph "60" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "59", inclusive, of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the amended complaint and aver that the claim set forth in "Count Four" of the amended complaint was dismissed by the Memorandum Opinion.

62. Deny the allegations set forth in paragraph "62" of the amended complaint and aver that the claim set forth in "Count Four" of the amended complaint was dismissed by the Memorandum Opinion.

63. In response to the allegations set forth in paragraph "63" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62", inclusive, of this answer, as if fully set forth herein.

64. Admit the allegations set forth in paragraph "64" of the amended complaint.

65. Admit the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint and aver that the claim set forth in "Count Five" of the amended complaint was dismissed by the Memorandum Opinion.

67. Deny the allegations set forth in paragraph "67" of the amended complaint and aver that the claim set forth in "Count Five" of the amended complaint was dismissed by the Memorandum Opinion.

68. In response to the allegations set forth in paragraph "68" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67", inclusive, of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the amended complaint and aver that the claim set forth in "Count Six" of the amended complaint was dismissed by the Memorandum Opinion.

70. Deny the allegations set forth in paragraph "70" of the amended complaint and aver that the claim set forth in "Count Six" of the amended complaint was dismissed by the Memorandum Opinion.

71. In response to the allegations set forth in paragraph "71" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70", inclusive, of this answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Neither admit nor deny the allegations set forth in paragraph "73" of the amended complaint as they set forth plaintiffs' demand for a jury trial and no response is necessary.

74. Deny that plaintiffs are entitled to any of the relief requested in the "Wherefore" clause of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the United States, nor have defendants violated any act of Congress providing for the protection of civil rights.

76. Any actions of defendants complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE**, defendants the City of New York and Emily Lloyd, in her capacity as Commissioner of the New York City Department of Environmental Protection and as Chairman of the New York City Environmental Control Board request judgment dismissing the amended complaint and denying all relief requested therein, together with the

costs of the action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          May 1, 2008

>                             MICHAEL A. CARDOZO
>                             Corporation Counsel of the City of New York
>                             Attorney for the Defendants
>                             100 Church Street, Room 5-162
>                             New York, New York 10007
>                             (212) 788-0782
>
>                             By: *Ave Maria Brennan*
>                                 AVE MARIA BRENNAN (AB 7488)
>                                 Assistant Corporation Counsel