UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GENCO IMPORTING INC. d/b/a MANITOBA'S
and RICHARD MANITOBA,

                              Plaintiffs,

- against -

CITY OF NEW YORK and EMILY LLOYD, in her
capacity as Commissioner of the New York City
Department of Environmental Protection and as
Chairman of the New York City Environmental
Control Board,

                              Defendants.
------------------------------------------------------------------------x

**ANSWER TO SECOND AMENDED COMPLAINT**

07 Civ. 3560 (LAK)

(ECF Case)

        Defendants the City of New York and Emily Lloyd, in her capacity as Commissioner of the New York City Department of Environmental Protection and as Chair of the New York City Environmental Control Board (hereinafter sometimes collectively "the City"), as and for their answer to the second amended complaint, allege upon information and belief, as follows:

        1.    Neither admit nor deny the allegations set forth in paragraph "1" of the second amended complaint as they constitute legal argument to which no response is required.[1]

        2.    Neither admit nor deny the allegations set forth in paragraph "2" of the second amended complaint as they constitute legal argument to which no response is required.

        3.    Deny the allegations set forth in the first sentence of paragraph "3" of the second amended complaint, and aver that plaintiffs' constitutional challenges to former section

---

[1] As to footnote one of the Second Amended Complaint, defendants deny the allegations set forth in the first sentence of the footnote, except admit that this Court issued a Memorandum Opinion, dated March 31, 2008, and refer to the Memorandum Opinion for a true and complete statement of its content and effect, deny the allegations set forth in the second sentence of said paragraph, except admit that plaintiffs purport to proceed as alleged therein, and neither admit nor deny the statements made in the third sentence of said paragraph as they set forth a statement by plaintiffs to which no response is required.

24-241.1 of the Administrative Code of the City of New York ("Administrative Code"), both facially and as applied, were dismissed by this Court in the Memorandum Opinion, dated March 31, 2008 and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of said paragraph.

4. Deny the allegations set forth in paragraph "4" of the second amended complaint.

5. Deny the allegations set forth in paragraph "5" of the second amended complaint, except admit that DEP issued notice of violation no. 00178468X, dated October 23, 2006, to plaintiff Genco Importing Inc. d/b/a Manitoba's ("Genco") for a violation of former section 24-241.1(a) of the Administrative Code and that DEP issued notice of violation no. 00181816X, dated February 2, 2007, to Genco for a violation of former section 24-218 of the Administrative Code, as a result of live musical performances, and aver that plaintiffs' constitutional challenges to these provisions of the former Noise Code, both as applied and facially, were dismissed by this Court in the Memorandum Opinion, dated March 31, 2008.

6. Admit the allegations set forth in the first sentence of paragraph "6" of the second amended complaint, and aver that the hearings for these violations have been adjourned with the consent of all parties and deny the allegations set forth in the second sentence of said paragraph.

7. Deny the allegation set forth in paragraph "7" of the second amended complaint.

8. Deny the allegations set forth in paragraph "8" of the second amended complaint, except admit that plaintiffs purport to proceed as alleged therein.

9. Deny the allegations set forth in paragraph "9" of the second amended complaint.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of the notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

12. Deny the allegations set forth in paragraph "12" of the second amended complaint, except admit that the Court has jurisdiction over the subject matter of plaintiffs' claims.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit that venue is proper.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the second amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the second amended complaint.

16. Deny the allegations set forth in paragraph "16" of the second amended complaint, except admit that the Commissioner of the Department of Environmental Protection of the City of New York is appointed by the Mayor of the City of New York.

17. Admit the allegations set forth in paragraph "17" of the second amended complaint.

18. Deny the allegations set forth in paragraph "18" of the second amended complaint, except admit that plaintiffs purport to proceed as alleged therein and that defendants acted under color of state law.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the second amended complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the second amended complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the second amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the second amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the second amended complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the second amended complaint, except admit that on October 23, 2006 a DEP inspector investigated a noise complaint made by a complainant

resident of the second floor of the building located at 99 Avenue B in Manhattan and thereafter issued a notice of violation to Genco.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint and aver that notice of violation no. 00179468X for a violation of former section 24-241.1 of the Administrative Code was issued to Genco as a result of the inspection on October 23, 2006 and further aver that plaintiffs' claim challenging the constitutionality of former section 24-241.1 of the Administrative Code as applied to them was dismissed by the Memorandum Opinion of this Court dated March 31, 2008 and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

28. Deny the allegations set forth in paragraph "28" of the second amended complaint and aver that the possible penalties set forth in this paragraph are only the possible penalties if the recipient of a notice of violation defaults and does not appear at the hearing, and not if the recipient is found in violation after a hearing.

29. Deny the allegations set forth in paragraph "29" of the second amended complaint, and aver that former section 24-241.1 of the Administrative Code provided, among other things, that "the level of sound of [certain defined] music, as measured inside any residential unit" shall not be in "excess of either (a) 45 dB(A) measured with a sound level meter; or (b) 45 dB in any one-third octave band having a frequency between 63 hertz and 500 (ANSI bands numbers 18 through 27, inclusive[)], in accordance with the American national standards institute standard S1.6-1984" and also aver that current Administrative Code § 24-231 provides, among other things, for the measurement of certain specified sound levels "as measured inside any receiving property dwelling unit...."

30. Deny the allegations set forth in paragraph "30" of the second amended complaint.

31. Deny the allegations set forth in paragraph "31" of the second amended complaint.

32. Deny the allegations set forth in paragraph "32" of the second amended complaint.

33. Deny the allegations set forth in paragraph "33" of the second amended complaint, except admit that notice of violation no. 000181816X was issued to Genco for a violation of former section 24-218 of the Administrative Code as a result of an inspection on February 12, 2007.

34. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the second amended complaint and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

35. Deny the allegations set forth in paragraph "35" of the second amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the second amended complaint and further deny so much of said paragraph as alleges or purports to allege any wrongdoing by defendants.

37. Deny the allegations set forth in paragraph "37" of the second amended complaint.

38. Deny the allegations set forth in paragraph "38" of the second amended complaint and aver that the hearings were adjourned on consent of the parties and that the hearings are currently scheduled for September 16, 2008 and may be adjourned again.

39. In response to the allegations set forth in paragraph "39" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38", inclusive, of this answer, as if fully set forth herein.

40. Admit the allegations set forth in paragraph "40" of the second amended complaint.

41. Deny the allegations set forth in the first sentence of paragraph "41" of the second amended complaint and aver that current Administrative Code § 24-231 provides, among other things, for the measurement of certain specified sound levels "as measured inside any receiving property dwelling unit..." and deny the allegations set forth in the second sentence of said paragraph.

42. Deny the allegations set forth in paragraph "42" of the second amended complaint and aver that this Court in the Memorandum Opinion, dated March 31, 2008, rejected plaintiffs' claims that Administrative Code § 24-231 deprives ordinary persons of the right to fair notice of the conduct it proscribes and that it allows for arbitrary and discriminatory enforcement[2], and further aver that the claim set forth in "Count One" of the amended complaint was dismissed by the Memorandum Opinion.

43. Deny the allegations set forth in paragraph "43" of the second amended complaint and aver that the claim set forth in "Count One" of the amended complaint was dismissed by the Memorandum Opinion.

44. In response to the allegations set forth in paragraph "44" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43", inclusive, of this answer, as if fully set forth herein.

---

[2] Genco Importing Inc. v. City of New York, 2008 U.S. Dist. LEXIS 26023, *28-29 and *29 n.80 (official citation) and Memorandum Opinion at 21 and at 21 n.80 (unofficial citation).

45. Neither admit nor deny the allegations set forth in paragraph "45" of the second amended complaint as they constitute legal argument to which no response is required.

46. Deny the allegations set forth in paragraph "46" of the second amended complaint.

47. Deny the allegations set forth in paragraph "47" of the second amended complaint.

48. Deny the allegations set forth in paragraph "48" of the second amended complaint.

49. Deny the allegations set forth in paragraph "49" of the second amended complaint.

50. In response to the allegations set forth in paragraph "50" of the second amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "49", inclusive, of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the second amended complaint.

52. Neither admit nor deny the allegations set forth in paragraph "52" of the second amended complaint as they set forth plaintiffs' demand for a jury trial and no response is necessary.

53. Deny that plaintiffs are entitled to any of the relief requested in the "Wherefore" clause of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the United States, nor have defendants violated any act of Congress providing for the protection of civil rights.

55. Any actions of defendants complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE**, defendants the City of New York and Emily Lloyd, in her capacity as Commissioner of the New York City Department of Environmental Protection and as Chair of the New York City Environmental Control Board request judgment dismissing the second amended complaint and denying all relief requested therein, together with the costs of the action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        June 26, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for the Defendants
100 Church Street, Room 5-162
New York, New York 10007
(212) 788-0782

By: _____
    AVE MARIA BRENNAN (AB 7488)
    Assistant Corporation Counsel